UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLYDE J. NORWOOD, JNR,

                Plaintiff,
  -against-                                      1:10-CV-956
                                                       (NAM/DRH)
GERALYN RUHLE, ROSEMARIE PEREZ
JAQUITH, NEW YORK STATE LEGISLATIVE
BILL DRAFTING COMMISSION,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

Law Office of Vincent U. Uba, Esq.              Vincent U. Uba, Esq.
750 Broadway
Albany, New York 12207
*Attorney for Plaintiff*

Eric T. Schneiderman                            David L. Cochran, Esq.
Attorney General of the State of New York     Assistant Attorney General
The Capital
Albany, New York 12224-0341
*Attorney for Defendant*s

**Norman A. Mordue, United States District Judge**

MEMORANDUM-DECISION and ORDER

I.     INTRODUCTION

      Plaintiff, a former employee of the New York State legislative Bill Drafting Commission, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that defendants violated his constitutional rights when they placed him on administrative leave and later terminated his employment following his arrest at work for suspected involvement in a serious crime. The criminal charges against plaintiff were ultimately dismissed. Plaintiff's complaint seeks monetary damages and reinstatement of his employment and benefits. Defendants move for summary

judgment dismissing the complaint in its entirety.  Plaintiff opposes defendants' motion.

II.       RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

According to plaintiff, he was arrested on March 31, 2009, at his place of employment for crimes he did not commit. Plaintiff alleges that when he obtained his release by posting bail, he contacted defendant Geralyn Ruhle, Director of Administration at the New York State Legislative Bill Drafting Commission ("LBDC"), where he worked and asked to return to work.  Plaintiff asserts that Ms. Ruhle informed him that he had three options - to be terminated and thus eligible for unemployment benefits, to resign, or to be placed on administrative leave without pay. According to plaintiff, when he told Ms. Ruhle that he needed to work to earn money to defend himself in his criminal case, she advised him that he was being placed on administrative leave without pay, effective immediately.  Plaintiff claims that Ruhle also told him he was not allowed to "set foot" on the premises of the LBDC and if he did so, he would be arrested.  Plaintiff avers that he told Ms. Ruhle that he needed to bring in his direct deposit form.  According to plaintiff, Ms. Ruhle then told him to mail the form.

Plaintiff asserts that Ms. Ruhle told him he would need to send a written request each month asking for an extension of his eligibility to remain on administrative leave without pay. Plaintiff requested extension of his leave without pay three times and obtained approval each time.  However, on August 4, 2009, when plaintiff requested a fourth extension, Ms. Ruhle informed him that "[t]he Commission would not be extending [his] administrative leave."  In fact, Ms. Ruhle advised plaintiff that his employment would be terminated as of August 20, 2009. Plaintiff asserts that Ruhle told him over the phone that the letter of termination was a "mere formality" and that his job would be "waiting for [him] when [he] cleared up the charges against

2

[him.]"

In February 2010, plaintiff received notice from the Rensselaer County Court that the charges against him were terminated in his favor. When plaintiff contacted Ruhle to inform her of his "good news" she informed plaintiff that his job was no longer available. Plaintiff asserts that at the time he was placed on administrative leave, he had completed his probationary employment period and his job performance was rated as "satisfactory." Plaintiff claims that the "matters he was arrested for had nothing to do with, and in no way affected [his] ability to do [his] job." Plaintiff believes that he was discriminated against on account of his arrest and also his race because he is African American.[1] Plaintiff asserts that fellow employees who were Caucasian were treated more favorably than he after they were arrested. Plaintiff also claims that defendants Ruhle and Rosemarie Perez Jaquith failed to "presume [him] innocent until proven guilty" while extending this courtesy and presumption to other employees of the LBDC who were arrested. Plaintiff avers that defendants' actions or inactions caused him extreme emotional distress.

Both defendants Ruhle and Jaquith testified in the first instance that all decisions concerning plaintiff including: 1) the decision to place him on administrative leave without pay; 2) to extend his administrative leave without pay status; and 3) to terminate his employment were made by who persons who were not parties to this action. Indeed, in response to questions by

---

[1] Plaintiff makes the allegation of race discrimination in the affidavit he submitted in opposition to defendants' motion for summary judgment. Review of the record also reveals that plaintiff's counsel questioned Geralyn Ruhle at length regarding the race of various employees of the LBDC who had been arrested while employed or who had arrest records prior to being hired. At the time that plaintiff's counsel posed these questions, defense counsel objected on the ground that "there [were] no racial claims in this lawsuit." Plaintiff's counsel responded "What do you mean there is no racial claim? There's a 14th Amendment claim in the lawsuit." However, the Court notes that plaintiff's complaint does **not** contain a claim for race discrimination. Indeed, in his Fourteenth Amendment claim, plaintiff asserts he was deprived of his constitutional rights solely "on account of his arrest."

3

plaintiff's counsel concerning what parties would have to be joined to the lawsuit to afford plaintiff full and complete relief in this action, both individual defendants testified that the individual commissioners of the LBDC would have to be sued since they are the persons who made the decisions concerning plaintiff's eligibility for administrative leave without pay, the extensions of his leave without pay, and the ultimate determination to terminate his employment.

Plaintiff's counsel did not depose the individual defendants until October 13, 2011, the day before the discovery deadline expired and he waited until a discovery conference with Magistrate Judge Homer on November 1, 2011, to request to amend the complaint.  Magistrate Judge Homer denied his request without prejudice and plaintiff did not appeal.

III.    DISCUSSION

A.    Applicable Legal Standard

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Stated otherwise, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  When deciding a summary judgment motion, the Court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion."  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

B.    Claims Against LBDC and Defendants Ruhle and Jaquith barred by Eleventh Amendment

Under the Eleventh Amendment, federal courts generally lack jurisdiction over suits brought by a private party against a state, unless the state has consented to suit or Congress has

4

expressly abrogated the state's immunity. *See Board of Trustees v. Garrett*, 121 S.Ct. at 962 ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-56 (1996); *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990). Eleventh Amendment immunity does not just bar suits that name a state as a defendant; rather, it prohibits a district court from hearing any action brought against a state department or agency, regardless of the relief sought. *See Dube*, 900 F.2d at 594. Claims for money damages brought against state officials in their official capacities are likewise barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473, U.S. 159, 169 (1985). It is clear that plaintiff's claims against the defendant LBDC are barred by the Eleventh Amendment since the commission is undisputably an arm of the State and the Legislature. It is also evident that to the extent that defendants Ruhle and Jaquith are sued for money damages in their official capacity, these claims are also barred by the Eleventh Amendment. Plaintiff has failed to raise any triable questions of fact concerning these matters and thus the Court concludes that defendants are entitled to dismissal of plaintiff's claims against the LBDC and defendants Ruhle and Jaquith in their official capacities.

Plaintiff cites the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908), which holds that private individuals may sue state officials in their official capacities for prospective injunctive relief without running afoul of the Eleventh Amendment. *See id.* While it is true that *Ex Parte Young* is an exception to the Eleventh Amendment and plaintiff is suing for reinstatement of his employment, defendants Ruhle and Jaquith also assert that they are not the individuals who made the decision to terminate his employment in this case. Indeed, both defendants assert that the individual commissioners of the LBDC made the determination to

5

approve plaintiff's eligibility for leave without pay, to extend his various leave requests and ultimately to terminate his employment. In her capacity as counsel for the LBDC, defendant Jaquith acknowledged that she handled legal matters and provided legal counsel to her employer. There is no evidence in the record which suggests or implies that defendant Jaquith is authorized or charged with hiring or reinstating employees. Thus, she is not a proper defendant in plaintiff's claims for injunctive relief.

Plaintiff's counsel also asserts that the employee manual for LBDC indicates that the "Director of Human Resources and Finance may grant leave without pay." Defendant Ruhle worked as the Director of Human Resources and Finance prior to becoming the Director of Administration. It is undisputed that defendant Ruhle was at all times relevant to the case at bar the Director of Administration. In her capacity as Director of Administration, Ruhle testified that she had did not "have a say" as to who was hired or fired, but she did process the paperwork for hiring and firing employees as well as disciplinary action against employees. Ruhle also testified that as Director of Administration, she relayed information to employees and processed paperwork concerning placement on administrative leave without pay. Ruhle said she did not have the authority to make decisions concerning an employee's eligibility for leave without pay, she simply forwarded employees' requests to the commissioners and relayed the commissioner's decisions to employees. During her deposition, Ruhle was asked numerous questions concerning her involvement with making decisions in employment hiring, firing, and leave without pay scenarios and Ruhle answered uniformly that she was merely an administrator and the commissioners were responsible for all employment decisions at LBDC. Based thereupon, the Court finds that the employee manual entry referred to by plaintiff's counsel describing defendant Ruhle's prior job responsibilities does not create a question of fact concerning whether she had

decision-making authority over individual employee personnel actions.  Moreover, even if defendant Ruhle had authority to make decisions concerning an employee's entitlement to unpaid leave as referenced in the manual, it says nothing about her authority to hire or fire employees.  Since plaintiff's claim for injunctive reinstatement is the only claim that survives defendants' Eleventh Amendment challenge and there is no evidence that defendant Ruhle had or has authority to hire or reinstate plaintiff's employment, defendant Ruhle is not a proper defendant in plaintiff's claim for injunctive relief.

C.     Absence of Triable Issues of Fact on Personal Involvement of Defendants

The law is clear that personal involvement is a prerequisite to an award of damages against an individual defendant in an action arising under 42 U.S.C. § 1983.  *See Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986).  Individuals are liable under § 1983 in their personal capacity only if they were personally responsible for violating a plaintiff's rights or promulgated unconstitutional policies or plans or otherwise authorized or approved misconduct under circumstances indicating deliberate indifference.  *See id.*; *see also Rizzo v. Goode,* 423 U.S. 362, 371 (1976); *Meriwether v. Coughlin,* 879 F.2d 1037, 1048 (2d Cir. 1989); *Duchesne v. Sugarman,* 566 F.2d 817, 831 (2d Cir. 1977).  As referenced above, both defendants Ruhle and Jaquith testified that the individual commissioners of LBDC were responsible for all decisions concerning plaintiff's eligibility for unpaid administrative leave, the extension of said leave and the decision to determine his employment.  When counsel for plaintiff asked these defendants if there were any other parties who would need to be joined to afford full and complete relief to plaintiff, both defendants stated that the commissioners of LBDC would have to be added to the litigation.  Plaintiff has failed to raise a triable question concerning the personal involvement of defendants Jaquith and Ruhle in his termination or failure to extend his administrative leave since it is

undisputed that neither of these defendants made those kind of personnel decisions.  In the case of defendant Jaquith, there is absolutely no evidence that she had any personal involvement in the decision by LBDC to place him on administrative leave, extend his leave or terminate his employment.  Plaintiff raises no facts to the contrary.

While it is true that defendant Jaquith was the administrator who processed paperwork for employees who requested administrative leave without pay and for those who were terminated, she did not have the authority to hire or fire employees and did not make determinations about eligibility for administrative leave without pay.  There is no evidence in the record to suggest that defendant Ruhle ever had input or made a determination concerning any employee's employment status or administrative leave.  While there is an employment manual which indicates that in her prior position as Director of Human Resources and Finance, she had authority to approve leave with pay, there is no evidence that she actually did so in the case of any employee and there is no evidence that in her current position as Director of Administration she even had authority to approve administrative leave.  The only evidence before the Court shows that all requests for administrative leave were completed by employees and forwarded by defendant Ruhle to the commission for approval.  Defendant Ruhle would thereafter inform the employee of the commission's determination.  In the absence of facts demonstrating that defendant Ruhle was personally involved in any of the personnel decisions that plaintiff complains of herein rather than as merely an administrator of paperwork and decisions made by LBDC commissioners, plaintiff's claims against her in her personal capacity must fail.

D.      Plaintiff's Race Claim Must be Dismissed

As referenced above, to the extent that plaintiff now attempts to raise a claim that he was discriminated against on the basis of race, the Court cannot consider this claim as there is no rase-

based claim in his complaint. Thus, plaintiff's claim that he was treated differently than other similarly situated Caucasian employees who were arrested while employed at LBDC must be dismissed.

E.    State Law Claims

Since the only basis for jurisdiction in this case is federal question jurisdiction via 42 U.S.C. § 1983, and the Court is dismissing all federal claims, it will decline to exercise subject matter jurisdiction over plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367 (c); *Carlsbad Technology, Inc. v. HIF Bio, Inc*., 556 U.S. 635, 637 (2009).

III.    CONCLUSION

Based on the foregoing, it is hereby

ORDERED that defendants' motion for summary judgment dismissing plaintiff's complaint (Dkt. No. 30) is hereby Granted and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Date:   September 27, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge